CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
AUG 25 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS GANZIE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:02cv00716 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. BARTON, et al., | ) | By: Jackson L. Kiser |
|     Defendants. | ) | Senior U.S. District Judge |

This matter is before the court on plaintiff motion for default judgment against defendant R.C. Greenfield and defendant Greenfield's Motion to Dismiss.[1]

Rule 55 of the Federal Rules of Civil Procedure allows the court to enter a default judgment against a party who has failed to plead or otherwise defend against a judgment for affirmative relief. Fed. R. Civ. P. 55(b). Defendant has now responded to plaintiff's motion and this court's show cause order as to why default judgment should not be entered against him. Defendant contends that he first received notice of this ligation when he received this court's show cause order regarding the issue of default. Defendant has since submitted to the court a prompt motion to dismiss as to all claims raised against him.

While a default pursuant to Rule 55 may be entered against a party who has failed to respond, the Fourth Circuit has a "strong policy" that "cases should be decided on their merits" See United States v. Shaffer Equip Co., 11 F.3d 450, 453 (4th Cir. 1993). Accordingly, the entry of default judgment is disfavored and is committed to the discretion of the court. United States v. Ragin, 113 F.3d 1233 (4th Cir. 1997); Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985). Here as defendant has provided some reasoning for his delayed response and has now submitted

---

[1] Greenfield is the only remaining defendant in this cause of action.

to the court a prompt response to the pending complaint and as plaintiff has not alleged any prejudice as a result of the delay, I find that entry of default is not appropriate. Therefore, plaintiff's motion for default judgment against defendant Greenfield is denied.

Defendant has submitted a motion to dismiss as to all claims raised against him. The court notified plaintiff of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and advised plaintiff that his failure to respond to the defendant's motion may result in judgment being granted for the defendant. Plaintiff has filed a response to the defendants' motion, thus making the matter ripe for disposition.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Then, the motion to dismiss should be granted only if it is clear that as a matter of law no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Defendant Greenfield argues that as the court has found that other defendants were not liable because they did not have any actual knowledge or involvement of the placement of five-point restraints upon the plaintiff, he should like-wise be dismissed. However, defendant does admit that he, in fact, gave the order for plaintiff to be restrained. Thus, it appears defendant Greenfield was clearly pivotally involved in the plaintiff's placement in restraints. Defendant seems to further argue that he is the least culpable of any of the named defendants because he did not order that plaintiff's clothing be removed, did not desire to force the plaintiff to lie in his own urine, and even though plaintiff was scheduled to remain in five-point restraints for 48 hours, he let him up after only 34 hours. The court finds this argument without merit. Although Greenfield did not physically place the restraint on plaintiff,

2

he admits he gave the order to place the plaintiff in restraints, had personal knowledge of the length of time plaintiff then remained in those restraints, and had clear authority to authorize plaintiff's immediate release from those restraints.

Therefore, I will deny defendant Greenfield's Motion to Dismiss. Defendant is directed to submit any additional dispositive motions within thirty (30) days of the entry of this order.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

**ENTER**: This 25th day of August, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge